IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Investors Title Insurance Co.,  )
       Plaintiff,  )
  )
vs.  )
  )  C.A. No. 9:05-1434-PMD
Carolyn S. Bair a/k/a Carolyn Songer  )  **ORDER**
Austin,  )
       Defendant.  )
_____)

This case is before the court on Plaintiff's motion for summary judgment and Defendant's motion to defer hearing on motion for summary judgment.

## **BACKGROUND**

Defendant Carolyn Bair ("Bair" or "Defendant") holds record title to Lot 5, Hilton Head Beach Subdivision No. 1 ("Lot"). In 1998, Bair commenced an action in state court to quiet title to 0.141 acres of Avocet Street abutting the Lot on the southwesterly boundary. On May 19, 1999, the state court entered final judgment in the quiet title action, declaring Bair to hold title to the real estate, including that part of Avocet Street abutting the Lot "free and clear of all. . . encumbrances, claims, options, and interests." (Def. Opp. to Sum. Jud., Exhibit 3.) In 2003, Plaintiff Investors Title Insurance Company ("Plaintiff") issued a policy of title insurance ("Policy") to Bair which covers the Lot. The Policy, which is dated March 18, 2003, remains in effect today. The Policy purports to cover:

> ALL that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being on Hilton Head, Beaufort County, South Carolina, shown and designated as Lot 5 of Hilton Head Beach Subdivision No. 1 on a plat recorded in the Office of the Register of Deeds for Beaufort County, South Carolina in Plat Book 9 at Page 4. For a more complete description of said property, reference may be had to an individual plat prepared by Terry G. Hatchell, RLS dated April 24, 1997, last revised August 29, 2002.

(Complaint, Exhibit A.)

In December of 2004, Bair became the defendant in a lawsuit ("Underlying Lawsuit") brought by the Forest Beach Owner's Association, Inc. to enjoin Bair from blocking that portion of her property which had formerly been known as Avocet Street. *Forest Beach Owner's Assoc., Inc. v. Bair*, No. 04-CP-07 (S.C. Court of Common Pleas, filed Nov. 9, 2004). The Association claims to own an easement across Bair's property to the public beach. On December 6, Bair notified Plaintiff of the suit and requested that it defend her title to the Lot as required under the terms of the Policy. Plaintiff, pursuant to a reservation of rights, has been representing Bair since that time. Plaintiff now seeks declaratory judgement to determine the rights and obligations of the parties in the Underlying Suit.

Plaintiff asserts that, according to the terms of the Policy, it is not required to defend Bair in the Underlying Lawsuit. According to the exclusions listed in the Policy, Bair is not insured against "loss, costs, attorney's fees and expenses resulting from:. . . 3. Easements and /or rights of way as shown on plat recorded in Plat Book 9 at Page 4, on plat for Bair for Hatchell and as referenced in restrictions below." (Complaint, Exhibit A.) Because the easement contested in the Underlying Lawsuit is described on Plat Book 9 at Page 4, Plaintiff claims that by the terms of the policy it is clearly not liable.

Bair, however, points out that "neither the 1997 Hatchell plat nor its August 29, 2002 revision shows an easement over what had previously been known as Avocet Street." (Def. Op. to Sum. Jud. at 2.) As such, the alleged easement claimed in the Underlying Lawsuit is not "shown on plat recorded in Plat Book 9 at Page 4, [**and**] on plat for Bair for Hatchell **and** as referenced in restrictions below." (Emphasis added.) Bair argues that the language of the exceptions is conjunctive rather than alternative, so that an easement must be indicated on all of the referenced

maps in order to be excluded from coverage. Bair also argues that Plaintiff issued the Policy with knowledge of the final judgment in the quiet title action and is therefore estopped from asserting that this section of property is an easement on the Lot. As such, Bair asserts that the Policy requires Plaintiff to defend her unrestricted right to the portion of the Lot contested in the Underlying Lawsuit.

Plaintiff has moved for summary judgment, citing the "plain, ordinary, and popular meaning" of the policy. (Pl. Mot. Sum. Jud. at 4.) Defendant has objected to summary judgment and has also filed a motion to defer summary judgment until further discovery has taken place. Defendant claims to need more time (1) to depose Henri Ann Logan, the attorney who issued the Policy, to discover the intention of the parties in drafting the language of the exclusions; and (2) to investigate Plaintiff's knowledge of the final judgment in the quiet title action at the time of issuance of the Policy.

## DISCUSSION

Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986). At the same time, the party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir.1996). If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Id.* In this case, although Bair has

advised the district court that it needs more discovery, she did not file a Rule 56(f) affidavit. Thus, the court must reconcile the "general rule [that] summary judgment is appropriate only after 'adequate time for discovery,'" *id.* (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)), with Rule 56(f), which requires a party opposing summary judgment on the grounds that more discovery is needed to file an affidavit making that point. *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 -45 (4th Cir. 2002). The Fourth Circuit has warned litigants that it "places great weight on the Rule 56(f) affidavit" and that "'[a] reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit.'" *Id.; Evans,* 80 F.3d at 961 (*quoting Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir. 1994)). Indeed, "'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Evans,* 80 F.3d at 961. Nevertheless, in some cases courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit. *See, e.g., Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94 (2d Cir. 2000); *Farmer v. Brennan,* 81 F.3d 1444, 1449-50 (7th Cir.1996); *Dean v. Barber,* 951 F.2d 1210, 1214 n. 3 (11th Cir. 1992); *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1380-81 (D.C.Cir. 1988). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *First Chicago,* 836 F.2d at 1380. When the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56(f) affidavit if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary. *See id.* at 1380-81; *Hellstrom,* 201 F.3d at 97-98; *Farmer,* 81 F.3d at

1449-50; *Dean,* 951 F.2d at 1214 n. 3. Specifically, if the nonmoving party's objections before the district court "served as the functional equivalent of an affidavit," *First Chicago,* 836 F.2d at 1380, and if the nonmoving party was not lax in pursuing discovery, then the court may refuse to consider a motion for summary judgment as premature, even though the nonmovant did not record its concerns in the form of a Rule 56(f) affidavit. *Harrods*, 302 F.3d at 245.

Under the Current Scheduling Order, entered on July 25, 2005, discovery is ongoing until January 3, 2006. Plaintiff filed its motion for summary judgment on August 31, 2005, only four weeks after the court entered the Scheduling Order, and over four months before discovery was scheduled to end. Defendant Bair has not filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f) opposing summary judgment on the ground that further discovery is necessary to adequately respond to the summary judgment motion; however, she has filed both an opposition to the motion and a motion to defer summary judgment until further discovery can be made. Bair's motion to defer summary judgment describes her need for further discovery in order to oppose the summary judgment motion. As such, these motions serve the same purpose as a Rule 56(f) affidavit. *See, e.g., Harrods,* 302 F.3d at 244 (holding that where eleven weeks of discovery remained on the scheduling order, and the nonmoving party failed to submit a Rule 56(f) affidavit but opposed the dismissal on the merits and informed the court of its need for more discovery, the district court erred in granting summary judgment).

Based upon the Scheduling Order and Defendant Bair's motions describing her need for additional discovery, the court concludes that summary judgment would be premature at this time. Accordingly, Plaintiff Investors Title Insurance Co.'s motion for summary judgment is denied.

## CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons, that Plaintiff's Motion for Summary Judgment is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 24, 2005**